FRYE, District Judge,
concurring in part, dissenting in part:
I agree as to all issues except the matter of punitive damages.
The Merced Production Credit Association is, like other PCA’s, a privately organized, privately owned, and privately operated corporation, albeit federally chartered. PCA’s are described by statute as “instrumentalities of the United States” (12 U.S.C. *1102 § 2091; 12 U.S.C. § 2098), but sovereign immunity is waived in the “sue-and-be-sued” provision in the statute enumerating the powers of a PCA (12 U.S.C. § 2122(4)). This waiver is to be liberally construed. FHA v. Burr, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724 (1940). The pronouncement of the Supreme Court in Burr should control this case:
[Wjhen .Congress establishes such an agency, authorizes it to engage in commercial and business transactions with the public, and permits it to “sue and be sued,” it cannot be lightly assumed that restrictions on that authority are to be implied. Rather if the general authority to “sue and be sued” is to be delimited by implied exceptions, it must be clearly shown that certain types of suits are not consistent with the statutory or constitutional scheme, that an implied restriction of the general authority is necessary to avoid grave interference with the performance of a governmental function, or that for other reasons it was plainly the purpose of Congress to use the “sue and be sued” clause in a narrow sense. In the absence of such a showing, it must be presumed that when Congress launched a governmental agency into the commercial world and endowed it with authority to “sue and be sued,” that agency is not less amenable to judicial process than a private enterprise under like circumstances would be.
309 U.S. at 245, 60 S.Ct. at 490. Such a showing has not and cannot be made here. PCA employees are not federal employees, and the policy grounds for protecting the government from punitive damages are not applicable to PCA’s.[1]
Because there is no reason to assume that Congress intended to limit the “sue and be sued” provision to actual damages only, no limitation should be implied. I would reverse the lower court’s ruling on the punitive damages claim.

. The majority opinion cites Schlake v. Beatrice Production Credit Association, 596 F.2d 278, 281 (8th Cir.1979) as authority that “Courts have recognized the ‘pervasive involvement of the federal government in the creation and operation of the production credit associations.’ ” The Schlake opinion, however, does not detail that involvement. In fact, the briefs of appellant and amici Nicholas demonstrate that federal involvement in PCA’s is minimal, in contrast to the TVA, which is a wholly owned Government corporation, 31 U.S.C. § 846. Certainly no one argues here that the federal treasury would have to pay the punitive damages.